COFER, Justice,
for the Court:
The appellant, Rodney Martinez Davis, was convicted of armed robbery in the Circuit Court of Forrest County, on which conviction he received an imprisonment sentence of twenty-five years.
On appeal, he has assigned four errors which he contends are sufficient to require a reversal of the conviction and sentence. We disagree, affirming the lower court.
The assignments are (1) refusal of appellant’s request that his mother be permitted to sit with him at counsel table during his trial; (2) admission of a lineup identification of appellant; (3) the twenty-five year sentence, without parole, was cruel and unusual punishment; and (4) the court’s refusal to grant him a cautionary instruction.
At the trial, appellant invoked the rule requiring witnesses to remain out of the hearing, and then promptly requested that his mother, though intended to be used, and used, as an alibi witness on his behalf, be excused from the exclusion rule. He offered to make advance record of what her testimony would be to insure that her evidence would not be influenced by what she would hear at her son’s side.
In pressing the assignments, appellant has cited and relies upon the decision of this Court in Kennedy v. State, 278 So.2d 404, 406 (Miss.1973). In that case, it was said that “[w]hen an accused is being tried for a serious offense, he is at least entitled to have the adult members of his family with him at the trial if they so desire . . We do not at all agree that it was intended by that decision that a member of “the adult members of his family,” sit with the accused at counsel table.
Appellant’s youth, a “mere twenty years old,” is argued in support of his assertion. We consider that a young man, at twenty years of age, may be young, average, or advanced for his years. Appellant, as well said by the state in its brief, was not a newcomer to the bar of justice, having previous convictions for aggravated assault, forgery and burglary.
At best in appellant’s favor, the request addressed itself to the discretion of the court, and we cannot say that the court’s action was erroneous.
We have examined the other assignments of error, and find them to be without merit, also.
The conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.